IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                NO. **3:06-CR-92**
                                      JUDGES PHILLIPS/GUYTON

**JAMES MICHAEL WEST**,
    also known as JAMES WEST,
    also known as MIKE WEST,
**JOANNE BAKER WEST,**
**RONALD SCOTT WEST,**
**BERNADETTE TRENT WEST**, and
**PRESERVATION PUBLIC, L.L.C.**,

    Defendants.

### EXPEDITED STIPULATED SETTLEMENT AGREEMENT FOR FEDERAL HOME LOAN MORTGAGE CORPORATION ("FREDDIE MAC")

Now come the United States of America, by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee, and claimant Federal Home Loan Mortgage Corporation ("Freddie Mac"), by and through Mary L. Abbott, Counsel, and hereby stipulate as follows:

1. The United States agrees that any violations involving the following property, which is subject to forfeiture to the United States pursuant to 21 U.S.C. §846, §841(a)(1) and §841(b)(1)(A) and 18 U.S.C. §1956 (a)(1)(A)(i), (a)(1)(B)(I) and (h), occurred without the knowledge and consent of Freddie Mac.

    Premises and Real Property with appurtenances located at 176 Ridge Road, Candler, North Carolina 28715 and more particularly described in a Warranty Deed recorded in the Buncombe County Register of Deeds Office on April 30, 2004 in Deed Book 3628, Page 567, as follows:

    BEGINNING on an existing axle which marks the southeast corner of the

Ronald E. Peek property as described in Deed Book 1107 at Page 329 and which axle marks the beginning corner of the Ronald E. Peek property as described in Deed Book 1271 at Page 541 in the Buncombe County Registry; runs then from the beginning corner, thus established, and with the northwestern boundary of the Peek tract as described in Deed Book 1271 at Page 541, South 52 degrees 53 minutes West 167.6 feet to a 3/4 inch existing iron pipe with ID cap; then South 53 degrees 22 minutes West, crossing Ridge Road (State Road Number 1289), 43.45 feet to an existing 5/8 inch rebar at or near the southwestern margin of Ridge Road; thence running North 45 degrees 10 minutes West, and re-crossing Ridge Road, 156.75 feet to a point on the northeastern margin of said road; runs thence North 55 degrees 20 minutes West 24.1 feet to a point in the center of Ridge Road; thence leaving Ridge Road and running North 45 degrees 51 minutes east, passing an existing 5/8 inch iron bar at 28.42 feet, a total distance of 375 feet to an existing 5/8 inch iron bar in the line of the property of Charles Lance (Deed Book 833 at Page 461), now the property of Lana; thence with the Lance or Lana property line, south 18 degrees 44 minutes East 82.9 feet to a new iron pipe and South 31 degrees 00 minutes East 353.8 feet to the point of BEGINNING, containing 2.59 acres, according to a survey by Freeland-Clinkscales & Associates, Inc., Surveyors, dated May 27, 1991 and entitled "Survey for George P. Maxey And Marie W. Maxey", said survey being incorporated herein.

Warranty Deed registered on April 30, 2004, in Deed Book 3628, Page 567, in the Register of Deeds Office for Buncombe County, North Carolina, titled to James M. West and his wife, Joanne Baker West.

2. The parties hereby stipulate that any violations of Title 21 U.S.C. §846, §841(a)(1) and §841(b)(1)(A) and 18 U.S.C. §1956 (a)(1)(A)(i), (a)(1)(B)(I) and (h), involving the defendant(s) property occurred without the knowledge and/or consent of Freddie Mac.

3. The United States hereby recognizes the interest of Freddie Mac and agrees that upon the entry of a Final Order of Forfeiture, forfeiting the above-referenced property to the United States, the United States will pay Freddie Mac the following:

   a. The principal balance of $161,872.10 now due and owing on the Note, together with all unpaid interest in the amount of $1,851.57 (from October 1, 2006 through December 31, 2006) calculated at the contractual (not default) rate under the referenced mortgage rate of 4.625% per annum ($20.26 per diem), plus an additional $20.26 per diem from December 31, 2006, until the date of payment;
   b. Escrow balance for taxes in the amount of $1,725.46 as of October 23, 2006, and casualty insurance of $752.00, until date of payment;

c. Any and all late charges, real estate taxes, and casualty insurance premiums which continue to accrue under the Note and Deed of Trust Instrument paid on behalf of Freddie Mac until the date of payment including late charges of $65.17, other contractual fees of $10.00, and fax fees of $10.00. (including any and all escrow advances for real estate taxes and casualty insurance until paid).

4. Freddie Mac shall accept the payment in full settlement and satisfaction of all its claims to the above-described property resulting from the incidents or circumstances giving rise to this proceeding.

5. Upon payment, Freddie Mac shall assign and convey its security interest to the United States via recordable documents and to release and hold harmless the United States and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by Freddie Mac or its agents which currently exist or which may arise as a result of the Government's action against the above-described property.

6. As part of the settlement, Freddie Mac agrees not to pursue against the United States any other right that it may have under the Deed of Trust including but not limited to the right to initiate or continue a foreclosure action and the payment of attorney's fees, late fees, or penalties of any kind.

7. Freddie Mac understands and agrees that by entering into this Stipulated Expedited Settlement Agreement it waives any rights to further litigate its interest in the above-described property and to petition for remission or mitigation of the forfeiture. Thereafter, unless specifically directed by an order of the Court, Freddie Mac is excused and relieved from further participation in this action.

8. Freddie Mac understands and agrees that the United States reserves the right to void this

Expedited Settlement Agreement and terminate the forfeiture action at any time before entry of the Final Order of Forfeiture.

9. The parties agree to execute further documents, to the extent necessary to convey clear title to the property to the United States and to further implement the terms of this settlement. Each party agrees to bear its own costs and attorneys' fees.

10. The terms of this settlement agreement are contingent upon the Court's entry of a Final Order of Forfeiture. Further, the terms of this settlement agreement shall be subject to approval by the United States District Court and any violation of any terms or conditions shall be construed as a violation of an Order of the Court.

Entered this 14th day of March, 2007.

_____
THOMAS W. PHILLIPS
UNITED STATES DISTRICT JUDGE

Approved for entry:

s/ Michael J. Mitchell
JAMES R. DEDRICK
United States Attorney
MICHAEL J. MITCHELL
Assistant United States Attorney
Eastern District of Tennessee
800 Market Street, Suite 211
Knoxville, Tennessee 37902
Phone: (865) 545-4167


FEDERAL HOME LOAN MORTGAGE CORP. ("FREDDIE MAC")

s/ Mary L. Abbott (with permission Michael J. Mitchell)
Mary L. Abbott, Esquire (B.P.R. No. 019042)
Ambrose, Wilson, Grimm & Durand, LLP
607 Market Street, Sixth Floor
Knoxville, Tennessee 37901
Phone: 865-544-3000

4